**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| CARL WEST,<br><br>             Plaintiff - Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA; JOE GORDWIN, an FBI agent,<br><br>             Defendants - Appellees. | No. 13-16909<br><br>D.C. No. 2:13-cv-00304-GMS<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted January 6, 2016
San Francisco, California

Before:      **KOZINSKI**, **O'SCANNLAIN** and **MCKEOWN**,[**]  Circuit Judges.

At the time West filed his complaint, he had not yet presented his FTCA

claims to the appropriate government agency.  See 28 U.S.C. § 2675(a).  The

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] Following argument in this case, Judge McKeown was drawn to replace Judge Noonan.

district court thus found that it lacked jurisdiction over these claims. Concluding that exhaustion of Counts 4, 7 and 10 would be futile because the two-year FTCA filing deadline had passed, see 28 U.S.C. § 2401(b), the district court dismissed those claims with prejudice. But, while West's appeal was pending, the Supreme Court confirmed that plaintiffs may seek equitable tolling of claims against the United States under the FTCA. United States v. Wong, 135 S. Ct. 1625, 1638 (2015). At oral argument before us, West's counsel represented that West has now presented his claims to the appropriate agency.

The district court also found that Counts 7, 9 and 10 failed to state a claim and thus dismissed Count 9 with prejudice as well. Because West had not yet exhausted administrative remedies, the district court did not have jurisdiction to resolve those claims on the merits. See Munns v. Kerry, 782 F.3d 402, 413 (9th Cir. 2015). We therefore reverse the dismissal with prejudice of Counts 4, 7, 9 and 10 so that West may refile and seek equitable tolling of those claims. We address the rest of West's claims in a concurrently filed opinion.

**REVERSED.**